UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE BOYKO
    Plaintiff,

V.                                             CIVIL ACTION NO.
                                               **3:13-cv-00479-MPS**

THE BARBERINO BROTHERS,
 INCORPORATED                  **JURY TRIAL**

TD AUTO FINANCE LLC

    Defendants,                          APRIL 23, 2013

<u>AMENDED COMPLAINT</u>

<u>FIRST COUNT:    VIOLATION OF THE TRUTH IN LENDING ACT</u>

1. This is an action for damages for violation of The Truth in Lending Act, 15

U.S.C. § 1601 et seq., ("TILA") and for violation of the Federal Credit Repair

Organizations Act ("CROA") 15 U.S.C. § 1679 and for violation of the Connecticut

Unfair Trade Practices Act § 42-110a Conn. Gen. Stat., et seq. and common law fraud.

2.  Jurisdiction is conferred on this Court by 15 U.S.C. § 1640 and 28 U.S.C. §§

1331 and 1367.

3.  Plaintiff is a resident of Shelton, Connecticut.

4.  Defendant, The Barberino Brothers, Incorporated hereinafter ("Barberino") is a

Domestic Corporation acting under the laws of the State of Connecticut, with a place of

business at 505 North Colony Street, Wallingford, CT 06492.

5.   Defendant TD Auto Finance LLC hereinafter ("TD Auto") is a foreign

corporation operating under authority granted by the Secretary of the State of

Connecticut with a place of business at 27777 Inkster Road, Farmington Hills

MI 48334 and the assignee of the retail installment contract- Simple Finance

Charge ("RIC") and pursuant to the Contract " ANY HOLDER OF THIS

CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND

DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE

SELLER OF GOOD OR SERVICES OBTAINED PURSUANT HERETO BY

THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE

DEBTOR HEREUNDER".

6.   At all times herein both Defendants in the ordinary course of business regularly

extended consumer credit that was payable in more than four installments.

7.   Both Defendants are creditors within the meaning of C.G.S. § 36a-676, et seq.

and 15 U.S.C. § 1601, et seq. and regulation promulgated hereunder.

8.   On or about June 27, 2012, Plaintiff entered into a consumer credit transaction

with Barberino that was assigned to TD Auto to buy a car for personal, family or

household use, namely, a 2012 Nissan 370Z.

9. The purpose of the TILA is to provide meaningful disclosures of credit terms so

that the consumer will be able to compare more readily the various terms available to

them.15 U.S.C. s 1601(a).

10.  Meaningful disclosure means accurate and intelligible disclosures. *Bizler v.*

*Globe Fin. Servs., Inc. 654 F.2d (1ST Cir. 1981).*

11.   Based on information and belief, Barberino did not disclose the correct sum of money paid to Nissan Motor Acceptance at the time it paid off Plaintiff's Trade-In Allowance on the 2012 Nissan Versa.

12.   Barberino stated on the Retail Installment Contract ("RIC") that Plaintiff had made a cash down payment of $2,900.00 when in fact Plaintiff did not make a cash down payment.

13.   Barberino caused Plaintiff to be overcharged approximately $180.00 for Connecticut Sales Tax by inaccurately stating she made a $2,900.00 cash down payment.

14.   Barberino failed to provide Plaintiff with the required written disclosures in a form that she may keep before credit was extended as required by TILA.

   a.  Barberino's agent or employee at the  time of signing the documents held each document and required Plaintiff to sign same without providing her an opportunity to read them or to hand them to her.

   b. Barberino's agent or employee at the time of signing documents covered a portion of each document, that it required Plaintiff to sign precluding her from reading them.

   c. Barberino told Plaintiff to sign here, sign there and she followed their instructions.

15.   Barberino had prepared a printed Applicant's Credit Statement, Exhibit 1, for Plaintiff's signature in which she did not see the entire document, as Barberino's agent or

employee only showed her the signature page for her to sign.

    16.  After Plaintiff's Nissan 370Z was repossessed, she obtained a copy of Exhibit 1, her Applicant's Credit Statement ("ACS") from, TD Auto and saw that it contained false information.

        a. The ACS stated that Plaintiff was a District Manager for Burger King and that information was false.

        b. The ACS stated that Plaintiff was employed by Burger King for 16 years and 2 months and that information was false.

        c. The ACS stated that Plaintiff earned Eighty Three Thousand ($83,000.00)  Dollars per years and that information was false.

    17.  Plaintiff has suffered monetary damages and damage to her credit history caused by both Defendants.

SECOND COUNT:  VIOLATION OF THE FEDERAL CREDIT REPAIR ORGANIZATIONS ACT.

    18. The allegations of Count One are repeated as if fully set forth herein.

    19.  15 U.S.C. § 1679b (a)(1) no person may make any statement which is untrue or misleading with respect to any consumer's credit worthiness or credit capacity.

    20.  Liability is not confined under the Act to credit repair organizations, but applies to "any person" who fails to comply with the Act, see 15 U.S.C. § 1679g (a).

    21.  Prior to the June 27, 2012 transaction (the current transaction) several months previously Plaintiff purchased a 2012 Nissan Versa ("Versa") from Barberino, the Trade-

In, in this transaction.

22.  At the time Plaintiff originally purchased the Trade-In, the Nissan Versa, Barberino informed her by purchasing the Versa it would improve her credit.

23.  Several months later, on or about June 27, 2012 Plaintiff returned to Barberino, traded in the Nissan Versa and purchased the Nissan 370Z.

24.  At the time of signing the documents to purchase the Nissan 370Z, Barberino included an "Applicant's Credit Statement" ("ACS") for Plaintiff to sign.

25.  Barberino presented to Plaintiff only the signature page of the Applicant's Credit Statement which she signed and it was undated. She was not given the page of the ACS that showed the time she was employed, job description and earnings.

26.  Plaintiff was unable to afford the monthly payments of $759.35 and the Nissan 370Z was repossessed by TD Auto in October 2012.

27.  Prior to repossession of the Nissan 370Z, TD Auto contacted Plaintiff by phone and informed her that it was a recording the conversation.

28.  TD Auto inquired of Plaintiff on or about October 2012 whether she was employed as a secretary in a medical office and what were her duties, Plaintiff inform TD Auto that she was employed at Burger King. At this time TD Auto said they would contact Barberino and get a corrected credit report.

29.  Thereafter, TD Auto mailed Plaintiff a copy of the Applicant's Credit Statement. Exhibit 1.

30.  Plaintiff alleges that she did not fill out or provide Barberino the information

contained within the Applicant's Credit Statement.

31.  Barberino prepared an Applicant's Credit Statement listing Plaintiff's Annual Salary at Eighty Three Thousand ($83,000.00") Dollars when in fact she earned Four Hundred $400.00 Dollars per week. Further Barberino listed on the Statement she was a "District Manager" when in fact she was not a "District Manager".

32. The representations of Plaintiff's Salary and job description on the Applicant's Credit Statement that was prepared by Barberino, was without Plaintiff's knowledge and was a false representations to TD Auto who relied on the false representations to lend Plaintiff $43,928.74 over a 72 month period for a total sales price of $57,573.20 and hid her true earnings and job description from TD Auto.

33.  When Barberino wrote out the transaction with Plaintiff, Barberino fraudulently induced her to sign a false Applicant's Credit Statement and a Retail Installment Contract under a false representation in order to gain profits from the sale of the Nissan 370Z and Barberino knew the Applicant's Credit Statement was false. Exhibit 1.

34.  Plaintiff relied on the fact that all documents Barberino presented to her for signing at the time of, or related to the purchase of the Nissan 370Z were prepared accurately and correctly.

35.  When Barberino, a retailer, falsified Plaintiff's ACS and forwarded same to TD Auto, the assignee of the RISC, Barberino bound Plaintiff to an unaffordable, disadvantageous transaction.

36. As a result of Barberino's Actions, Plaintiff's Nissan 370Z was repossessed by TD Auto, and then sold, and left Plaintiff was a deficiency balance of approximately Twelve Thousand $12,000.00 Dollars owed to TD Auto and destroyed her credit record.

37. Plaintiff has suffered monetary loss in excess of $12,000.00 and damage to her credit history as a result of both Defendants actions.

THIRD COUNT:  COMMON LAW FRAUD

38. The allegations of Count One and Count Two are repeated as if fully set forth herein.

39. On or about June 27, 2012 Barberino provided Plaintiff with a number of documents to sign for purchase a 2012 Nissan 370Z.

40. One of the documents Barberino presented to Plaintiff for signature was the Applicant's Credit Statement signature page, Exhibit 1.

41. The document known as Exhibit 1, that Plaintiff received from TD Auto contained two pages with printed information on both sides of each page. Plaintiff's personal information is located on the front side of the first page of the Applicant's Credit Statement and her signature is located on the back side of the second page.

42. Some of Plaintiff Michelle Boyko's personal information on Exhibit 1 is as follows as follows:

        a. Date of birth – 03/03/1980.

        b. Employed by Burger King for 16 yrs 2 mo.

        c. Salary $83,000.00 Annually

d. Occupation District Manager.

43.  When Barberino's agent or employee presented Exhibit 1 to Plaintiff, they did not permit her to read the entire document, rather they retained control of the papers by holding them in his hand and instructed her to sign here sign there.

44.  Had Barberino given Plaintiff the entire ACS she would have seen that Exhibit 1 contained false statements of material facts.

45.  Barberino knew that the information contained in Exhibit 1 was false.

46. Barberino intentionally concealed and failed to show Plaintiff both pages of Exhibit 1 in order to induce Plaintiff to sign the signature page of the document of Exhibit 1.

47. Plaintiff relied on the fact that all the documents that she signed to purchase the Nissan 370Z were accurate and not false.

48.  Plaintiff has suffered damages as a result of the false statements Barberino prepared in her ACS.

49. Plaintiff at the time of signing Exhibit 1 was 33 years of age, had she been employed for 16 years and 2 months she would have been age 16 when she began her employment with Burger King and that was not the case.

50.  Plaintiff is an employee at Burger King earning approximately $400. 00 per week and was employed there for one year at time of signing Exhibit 1.

51.  Barberino at the time it had Plaintiff sign the second page of Exhibit 1, failed to provide her with the entire Exhibit, rather it was precluded from her so that she would

not see the false information contained within .

52.  As a result of Barberino's actions, Plaintiff has suffered damages in the sum of approximately $12,000.00 owing to TD Auto and destruction of her Credit History.

FOURTH COUNT: VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT.

53.  The allegations of Count One, Count Two and Count Three are repeated as if fully set forth herein.

54.  Barberino has committed one or more unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn. Gen. Stat. et seq., including, but not limited to failing to disclose to Plaintiff accurate financial terms of the transaction.

55.  Barberino actions were fraudulent in that it knew that Plaintiff did not make a down payment of $2,900 and yet charged Plaintiff approximately $180.00 for CT sales tax.

56.  Barberino in paragraph no. 55, above, made a false representation that Plaintiff did not make a $2,900.00 down payment at the time of signing the RIC and yet charged Plaintiff CT sales tax on that sum.

57.  Barberino knew that the additional charge for sale tax was false.

58.  Barberino representation was made to induce Plaintiff to sign the RIC.

59.  Plaintiff relied on the false representations made by Barberino for the additional sales tax.

60. Barberino committed a deceptive act when it prepared Plaintiff's Exhibit #1.

a. The representations of Plaintiff's Credit History to another and TD Auto acceptance to lend Plaintiff $43,928.74 to purchase the Nissan 370Z mislead Plaintiff into believing she could afford to finance the vehicle.

b. It was reasonable for Plaintiff to believe that she was capable of purchasing the Nissan 370Z as she was approved for the loan by TD Auto.

c. The representation by Barberino to TD Auto of Plaintiff's credit ability was a material factor in her purchasing the car. But for the deception by Barberino that caused Plaintiff the injury of having her car repossessed leaving her with Twelve Thousands ($12,000.00) Dollars of debt, all of which could have been avoided had Barberino asked Plaintiff prepared the Credit Statement, and the financing of the car would have been denied by TD Auto.

61. As a result of Barberino's actions, Plaintiff has suffered monetary damage and damage to her credit history.

WHEREFORE, it is respectfully prayed that this Court:

1. Award Plaintiff statutory damages of $2,000, actual damages, costs and a reasonable attorney fee on Count I.

2. Award Plaintiff actual damages and punitive damages on Count II and correction of her credit history, costs and reasonable attorney fees.

3. Award Plaintiff actual damages, punitive damages and reasonable attorney fees and costs on Count III.

4.   Award Plaintiff actual damages, correction of her credit history and reasonable

attorney fees and costs on Count IV.

5.   Award such other or further relief, as the Court deems just or equitable.  .


**THE PLAINTIFF**

**BY/S/Bernard T. Kennedy**

**Bernard T. Kennedy, Esquire**
**The Kennedy Law Firm**
**1204 Main Street, Suite 176**
**Branford, CT 06405**
**Ph   (443) 607-8901**
**Fax (443) 607-8903**
**Fed. Bar # CT00680**
**bernardtkennedy@yahoo.com**


**_CERTIFICATION_**

**I hereby certify that on 4/23/13 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.**

Castle Auto Outlet, LLC
921 Pulaski Highway
Joppa, Maryland 21085

BY<u>/S/Bernard T. Kennedy</u>